By the Court.—Speir, J.
We are of the opinion, from the evidence in the case, that the contract between the parties existed on condition that the letter of credit being given by the plaintiffs to the defendants, the defendants would consign to them by bills of lading made to their order a May or June shipment of about 600 hogsheads of sugar. We think there can be no question but that a contract existed between the defendants and Finlay by which the defendants were bound to deliver about the same number of hogsheads, to be of the same shipment, and that under that contract the plaintiffs, acting as agents for Finlay, had a right to take possession, being the consignees of the Finlay contract. The contract which the defendants had with Finlay was not only that they sold to him about 600 hogsheads of St. Vincent sugars, but also *124 upon the condition that Finlay should furnish a credit for the price of the sugars. Upon the application by Finlay to the plaintiffs, that credit was furnished by them to the defendants on the condition that the defendants would consign to them by bills of lading the amount of sugar so purchased. The plaintiffs took possession of the sugars under this separate contract they had with the defendants, and it could be satisfied by a tender by the defendants under the contract and an acceptance by the plaintiffs under it. The defendants, therefore, in performance of their obligation under the contract, did tender, through the bill of lading, these sugars under the July shipment, and they tendered it in performance of the contract.
Ho offer to return the sugars was made, which was not qualified by the condition that the defendants should make plaintiffs good for the amount of their advances. The sugars were sold by the plaintiffs without the assent of the defendants on the 15th of August, and the sale was made “for account of Messrs. S. & W. Welsh.” The bill was rendered by them in their own names, and all the documents and acts attending the sale were prepared and performed by them in their own names ; and it appears that after the sale the plaintiffs rendered an account to Finlay, wherein they charged him with the advances which they had made on the sugars, and credited him with the net proceeds of the same.
The plaintiffs brought their suit for money had and received, but they failed to rescind. They continued to hold the goods delivered under the contract, and sought to acquire all the benefits which they would' have derived from a lack of performance. A party who seeks to rescind a contract must rescind altogether and place the opposite party in the position he was in before the contract was made. He must either accept or he must reject wholly. It is well settled *125 that “ a party can never repudiate a contract after, by his own act, it has become out of his power to restore the parties to the original condition ” (Clark v. Dixon, El. Bl. & El. 148).
The plaintiffs took the goods under this tender in the same manner as if they had been under the May or June shipment, subjected them to their own control and applied them as a credit, claiming a difference for the deficiency.
It is true that the facts themselves show that the plaintiffs have accepted the tender, although they claim that they did not accept the goods : nevertheless they sold them without the assent of the defendants, and retained the proceeds.
The reasons given by the trial judge for granting the nonsuit are such as do not affect materially the exceptions taken on the trial. From an examination of those which were taken by the plaintiffs which have any bearing on the case, we find no reason for complaint.
The motion for a nonsuit was properly granted, and the judgment appealed from should be affirmed, with costs.
Freedman, J., concurred.